UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDALKARIM AL KHATIB,<br><br>                    Petitioner,<br><br>        v.<br><br>DAVID MARIN, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-01031-PD<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AS MOOT** |

On March 3, 2026, Abdalkarim Al Khatib ("Petitioner"), an immigration detainee who was then proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting three grounds for relief: (1) the government has violated its own regulations, the Administrative Procedures Act, the due process clause of the Fifth Amendment, and the *Accardi*[1] Doctrine when it re-detained Petitioner; (2) his continued detention violates his due process protections as established in *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (3) his detention pending removal to a third country without adequate notice and an opportunity to be heard violates due process under the Fifth Amendment and the Convention Against Torture.  Dkt. No. 1. Petition,

---

[1] *Accardi v. Shaughnessy*, 347 U.S. 240 (1954).

at 3-7.[2]  Petitioner also filed an *ex parte* application for a temporary restraining order and motion for a preliminary injunction.  Dkt. No. 2.

On March 13, 2026, the District Judge denied Petitioner's application for a temporary restraining order, finding that Petitioner had not shown a likelihood of success on his claims or raised serious questions going to their merits.  Dkt. No. 9.  Thereafter, this Court referred the case to the Federal Public Defender ("FPD") to consider appointment of counsel, and on March 23, 2026, the FPD filed a notice of appearance on Petitioner's behalf.  Dkt. Nos. 11, 14.  Respondents filed their Return.  Dkt. No. 12.

On April 29, 2026, the Court held a hearing on the Petition and ordered Petitioner and Respondents to file supplemental briefs.  Dkt. No. 20.  The parties filed their consent to proceed before the undersigned and filed supplemental briefs.  Dkt. Nos. 13, 17, 18, 21, 24.

On May 28, 2026, Petitioner filed an emergency application for temporary restraining order and Respondents filed an opposition.  Dkt. Nos. 25, 27.  On May 29, 2026, the Court granted in part Petitioner's application for temporary restraining order and enjoined Respondents "from removing Petitioner from the United States absent (1) a showing that after Petitioner's 'temporary stop' in Israel, …, Palestine will accept him, or (2) provision to Petitioner of notice and an opportunity to be heard regarding removal to Israel" and ordered Respondents to file a status report.  Dkt. No. 28 at 8.

On June 8, 2026, Respondents filed a status report and request to discharge order barring removal, stating that Petitioner was manifested as a passenger leaving for Palestine via a stopover in Israel on June 9, 2026.  Dkt. Nos. 30, 30-1.  On June 11, 2026, Respondents filed a declaration from

---

[2] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

Deportation Officer Mendoza confirming Petitioner's removal to the West Bank on June 9, 2026.  Dkt. No. 32.

## I.      The Petition is Moot

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot.  *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation ... there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.,* 488 F.3d 1061, 1064 (9th Cir. 2007); *Sheikh-Elmi, v. Garland, et al.*, 2025 WL 2404375, at *1 (W.D. Wash. Aug. 4, 2025) (recommending that the matter should be dismissed as moot because "petitioner's habeas petition seeks only release from immigration detention and does not appear to allege any collateral consequence that can be addressed by the Court"); *see also Meija v. Semaia*, 2025 WL 2633165, at * 2 (C.D. Cal. Aug. 21, 2025) (When a petitioner challenges the duration of detention and seeks release from custody pending removal, courts find that deportation effectively grants petitioner the relief sought and the petition for writ of habeas corpus is moot.).

Here, Petitioner seeks release from immigration detention and does not appear to allege any collateral consequences that can be addressed by the Court.   Petitioner was removed to the West Bank on June 9, 2026. Accordingly, there is no further relief that this Court can provide.

## II.    Order

For the reasons set forth above, the Petition is dismissed without prejudice as moot.

IT IS SO ORDERED.

DATED:  July 1, 2026

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

4